# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

WILLIE JONES JR.,

      Petitioner,

      v.                           Case No. 04-C-1081

RICHARD SCHNEITER,

      Respondent.

## <u>ORDER</u>

On June 2, 2005, the petitioner filed a "Motion to Compel Discovery and Motion to Extend Time Due to Staff Negligence" (Docket # 42) in which he requests, among other items, that the court order the respondent to release to him copies of documents in his confidential clinical files using a legal loan. He claims that he is unable to pay for the documents without a loan. In addition, the petitioner asks this court to review his prison files from July 17, 2003, to February 12, 2004 and to review his confidential security files from May 31, 2002 until May 1, 2005, "so the court can see that staff has been hindering my efforts to preserve my claim." (Motion to Compel Discovery and Motion to Extend Time Due to Staff Negligence [Motion to Compel] at 4).

The petitioner further requests in his motion that the court order the institution to allow the petitioner to use his legal loan for whatever documents he needs from his files and to allow him to write to various legal aid organizations and attorneys using his legal loan. In addition, he also requests a 30-day extension of time to respond to the respondent's motion to dismiss.

On the same day, June 2, 2004, the petitioner filed a letter motion seeking a court order to be allowed to have additional time in the prison law library and other relief. (Letter Motion Re: Law Library Priority) (Docket #44) He asserts that one hour and 40 minutes is insufficient time to litigate his pending court cases. He also claims that prison staff refuse to place him on the priority list for the library. The petitioner seeks release on bond, injunctive relief and a transfer from institution. He again requests the appointment of counsel.

In an order dated April 19, 2005, United States District Court Judge William C. Griesbach denied plaintiff's previously filed motion requesting additional time in the law library. Judge Griesbach held that he could not "conclude on the record before me that [the petitioner] has been denied sufficient access to the prison law library to adequately present his claims." (Court's Order of April 19, 2005, Order at 5). Subsequently, this court denied the second petitioner's motion for additional library time, noting that nothing the petitioner had submitted with his motion supported a finding that the petitioner has been denied sufficient access to the law library to adequately present his claims.

The petitioner's current motion includes a decision from the Grant County Circuit Court on May 26, 2005, denying the petitioner's request for harassment restraining orders. The order by Grant County Circuit Judge Robert P. VanDeHey indicated that the petitioner has eight pending civil cases. The court also noted that the petitioner seemed unable to focus on any specific incident or action that could be reviewed and complains instead about his overall treatment. (Grant County Circuit Court Order of May 26, 2005, at 3, attached to Motion to Compel).

The petitioner acknowledges that he is provided access to the law library. In an earlier submission, he acknowledged that an inmate with a court deadline receives additional library time. The petitioner merely wants the court to order the institution to give him more library

time and to place him on the priority list. Given the number of cases the petitioner currently has pending, he may have to prioritize his library time to meet the deadlines in his many cases. The petitioner has not presented sufficient information for this court to conclude that he has been denied adequate access to the law library. Therefore, his request will be denied.

On December 6, 2004, United States District Judge William C. Griesbach denied the petitioner's request for appointment of counsel, finding that the petitioner's claims were of "questionable merit" and appeared to have been procedurally defaulted. (Court's Order of December 6, 2004, at 6). The petitioner has not presented any additional information in support of his renewed motion for appointment of counsel. Therefore, his request for appointment of counsel will be denied. The petitioner has presented no basis for granting his requests for injunctive relief, release on bond and transfer to another institution. Therefore, these requests will be denied. In sum, the petitioner's motion regarding law library priority and other requests (Docket #44) will be denied.

With respect to his motion to compel, the petitioner has not indicated whether he is eligible for a legal loan or whether he has already utilized all his legal loan funds. The court will not order the respondent to give the petitioner a legal loan to obtain copies of his clinical records or other documents based upon the information presented. Moreover, the relevance of these documents in this habeas corpus proceeding is not clear. The court declines to review the petitioner's prison files and confidential security files. The petitioner has failed to present information to warrant such court review and the relevance of these files to this proceeding has not been established. Therefore, the petitioner's motion to compel discovery (Docket # 42) will be denied.

The petitioner also sought additional time to file a response to the respondent's motion to dismiss. However, on June 16, 2005, the petitioner filed his brief in opposition to the

- 3 -

respondent's motion. Therefore, the petitioner's request for an extension of time to respond to the motion to dismiss will be denied as moot.

In sum, the petitioner's motion regarding law library priority and other requests will be denied. The petitioner's motion to compel discovery will be denied. His motion for extension of time to respond to the respondent's motion to dismiss will be denied as moot.

## CONCLUSION

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion regarding law library priority (Docket #44) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the petitioner's renewed request for appointment of counsel (Docket #44) be and hereby is **denied**.

**IT IS ALSO ORDERED** that the petitioner's motion to compel discovery (Docket # 42) be and hereby is **denied**.

**IT IS ALSO ORDERED** that the petitioner's motion for an extension of time to respond to the respondent's motion to dismiss (Docket # 42) be and hereby is **denied as moot**.

Dated at Milwaukee, Wisconsin, this 22nd day of June, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge