# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIE JONES JR.,

    Petitioner,

v.                                  Case No. 04-C-1081

RICHARD SCHNEITER,

    Respondent.

## ORDER

On June 22, 2005, the court denied the petitioner's "Motion to Compel Discovery and Motion to Extend Time Due to Staff Negligence" in which he requested, among other items, that the court order the respondent to release to him copies of documents in his confidential clinical files using a legal loan. In addition, the petitioner asked this court to review his prison files from July 17, 2003, to February 12, 2004, and confidential security files from May 31, 2002 until May 1, 2005. The court also denied the petitioner's letter motion seeking a court order to be allowed additional time in the prison law library, appointment of counsel and other relief. United States District Court Judge William C. Griesbach previously had denied the petitioner's motions requesting additional time in the law library and the appointment of counsel.

In its June 22, 2005, decision and order, the court inadvertently failed to address the Motion for Discovery (Docket # 40) filed by the petitioner on May 19, 2005. The motion will be addressed herein.

In his motion, the petitioner seeks copies of a laundry list of documents, including all documents from April 2003 to July 17, 2003, in the possession of the Secretary of the

Department of Corrections (DOC) which relate to his placement at the Wisconsin Resource Center (WRC), security files at Waupun Correctional Institution pertaining to the petitioner, his files at the WRC from April of 2003 to July 17, 2003, certain documents in his clinical files, a copy of a confidential report of investigation by staff at Columbia Correctional Institution, and "photos of the crime that was (sic) never submitted as discovery material." (Petitioner's Motion for Discovery Material [Petitioner's Motion] at 8). He also seeks a copy of the phone listing of inmates calling his home and the work schedule of the law library supervisor. In addition, the petitioner seeks records from the time he was in segregation at Columbia Correctional Institution (CCI) from July 17 to October 30, a copy of the school hours that he attended from November 30, 2003 to January 31, 2004, which will "show [the petitioner] was in class a lot," and a copy of the interview conducted by staff on May 1, when he was admitted for evaluation. Id. at 8-9.

The petitioner asserts that the documents are essential to his response to the respondent's motion to dismiss and will support his claim that the staff interfered with his efforts to file his document with the Wisconsin Supreme Court by January 5, 2004. He also states that he was unable to respond to the court's order "due to his mental state." Id. at 2. The petitioner also renews his request for an order allowing him to use a legal loan.

The petitioner has submitted an extensive list of documents he seeks but has not specified how these documents will assist him in addressing the issues in this action. He only states in conclusory fashion that the documents will show that officials interfered with his efforts to pursue discretionary relief. It is hard to fathom, for example, how records from CCI from July 17 to October 30 interfered with the petitioner's ability to file a timely petition for review with the Wisconsin Supreme Court or to respond to that court's order by January 15, 2004, as ordered. Furthermore, the court has already addressed some of the petitioner's

- 2 -
Case 1:04-cv-01081-PJG   Filed 06/24/05   Page 2 of 3   Document 46

requests. In its June 22, 2005 decision and order, the court denied the petitioner's request for an order regarding a legal loan and his renewed request for appointment of counsel. The petitioner has not presented any additional information to warrant revisiting these requests. These requests are denied.

With respect to the other discovery requests, the petitioner has not presented sufficient information to order disclosure of the voluminous records requested by him. The potential relevance of certain of these documents to the pending habeas petition is also not clear. In addition, the petitioner has failed to comply with the requirements of Civil Local Rule 37.1 which requires him to first contact opposing counsel in an attempt to work out any discovery dispute before filing a discovery motion with the court. Based on a careful review of the petitioner's motion and for the reasons stated herein, the court concludes that the petitioner's motion for discovery must be denied.

## **CONCLUSION**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion for discovery material (Docket #40) be and hereby is **denied**.

Dated at Milwaukee, Wisconsin, this 24th day of June, 2005.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge