**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

WILLIE JONES JR.,

Petitioner,

v. Case No. 04-C-1081

WILLIAM POLLARD, Warden,
Green Bay Correction Institution,

Respondent.

**DECISION AND ORDER**

On November 8, 2004, the petitioner, Willie Jones, Jr., an inmate at Green Bay Correctional Institution, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted on July 27, 2001, in Milwaukee County Circuit Court of burglary to a building or dwelling as party to a crime. The petitioner challenges his conviction on the following grounds: 1) his plea was involuntary; 2) the prosecutor breached the plea agreement; 3) his counsel was ineffective assistance of counsel; 4) the prosecutor failed to disclose exculpatory evidence; 5) his arrest was illegal; and 6) he did not waive extradition to Wisconsin from Illinois.[1]

United States District Judge William C. Griesbach conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order dated December 6, 2004, Judge Griesbach determined that the petitioner had presented at least colorable constitutional issues, but that he had failed to exhaust several of his claims.

[1]The petitioner also includes supplemental issues: 1) the state "deliberately and indirectly" encouraged the judge to give the petitioner a higher sentence; and 2) he was intoxicated at the time of his statement. (Petition for a Writ of Habeas Corpus [Petition] at 10-12).

Therefore, the court ordered the petitioner to either exhaust his state court remedies or dismiss his unexhausted claims.

On January 5, 2005, the petitioner filed a motion to dismiss two of his unexhausted claims, namely that: 1) he did not waive extradition to be brought back to Wisconsin; and 2) his arrest was illegal. (Petitioner's Response of (sic) Order Dated 12/06/04 and Motion to Dismiss 2 of 3 Claims [Petitioner's Motion to Dismiss] at 1.) On April 19, 2005, the court granted the petitioner's motion and dismissed the two claims.

On January 5, 2005, the petitioner also filed a "Motion to Show-Cause for Review of Petitioners's Petition of Habeas Corpus." Apparently, the petitioner intended this document to "show cause and prejudice for his failure to seek discretionary review in the Wisconsin Supreme Court or manifest injustice if review is denied." (April 19, 2005, Order at 2)

The petitioner's motion was granted and Judge Griesbach ordered the respondent to answer the petition for a writ of habeas corpus. The parties subsequently consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1(E.D. Wis.) and the case was reassigned to this court.

The respondent answered the petition and simultaneously filed a motion to dismiss the petition based on a procedural default.[2] The petitioner filed a response to the respondent's motion to dismiss. Subsequently, the petitioner moved the court for leave to file an amendment to his response which the court granted on September 23, 2005. The court gave the petitioner until October 28, 2005, to file the amendment. However, the petitioner did not file an

[2] The court notes that in his motion to dismiss, the respondent indicates that the motion to dismiss applies to all of the petitioner's claims, including "that the State 'deliberately and indirectly' encouraged the trial court to give [the petitioner] a longer sentence and that his statement to arresting officers was not knowingly or intelligently made due to his intoxication." (Respondent's Motion to Dismiss Petition at 5).

amendment within the time allotted. Nevertheless, the respondent's motion to dismiss is ready for disposition and will be addressed herein.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.).

## RELEVANT FACTUAL BACKGROUND

> On Saturday, May 26, 2001 [the petitioner] arrived at Gerald Turner's home in Milwaukee. Mr. Turner was [the petitioner's] long-time mentor. According to the criminal complaint, [the petitioner] told police he entered Mr. Turner's home by "kicking in the door and climbing over a bunch of stuff in the garage." [The petitioner] drank Mr. Turner's alcohol and ate food that was in the refrigerator. He called his girlfriend, Bokere Coates, and told her to meet him at the Turner home. Ms. Coates arrived and [the petitioner] fell asleep. When he woke up, Ms. Coates had placed jewelry on the kitchen table and rifles on the stairs. [The petitioner] and Ms. Coates took the jewelry and sold some of it in Illinois. The police found [the petitioner] and Ms. Coates in possession of some of the Turner's jewelry.

(Answer, Exh. B at 2)(internal citations omitted).

On July 27, 2001, the petitioner, represented by Attorney Dale P. Gerdes, pled guilty to one count of burglary to a building or dwelling in violation of Wis. Stat. § 943.10(1)(a) and one count of party to a crime contrary to Wis. Stat. § 939.05. The state left the petitioner's sentence up to the court's discretion. (Answer, Exh. A, Exh. B at 108, 113.) On August 16, 2001, Attorney Gerdes withdrew from the petitioner's case and was replaced by Attorney Curt Rogers on September 5, 2001. (Answer, Exh. B at 2.) On October 17, 2001, the petitioner was sentenced to a five-year prison term and eight years of extended supervision. (Answer, Exh. A.)

The petitioner appealed his judgment of conviction. On September 9, 2002, Assistant State Public Defender Diana M. Felsmann filed a no-merit brief with the Wisconsin Court of Appeals. (Answer, Exh. B at 1.) On February 11, 2003, the petitioner filed a response to the no-merit brief with the Wisconsin Court of Appeals. (Answer, Exh. C at 1.) On November 4, 2003, the appeals court "concluded there is no arguable merit to any issue that could be raised on appeal," and relieved Ms. Flesmann from representing the petitioner. (Answer, Exh. D at 1).

On November 26, 2003, the petitioner filed a motion for an extension of time to file his petition for review with the Wisconsin Supreme Court . On November 28, 2003, the Wisconsin Supreme Court denied the motion, but accepted the petitioner's November 26, 2003, motion as a timely petition for review. The court gave the petitioner until January 5, 2004, to file a statement in support of his petition. The petitioner failed to file such a statement and, therefore, on January 13, 2004, the Wisconsin Supreme Court dismissed the petitioner's petition.

## ANALYSIS

An application for a writ of habeas corpus may be granted only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, federal habeas corpus relief is limited to claims of violations of federal law. See Brewer v. Aiken, 935 F.2d 850, 854 (7th Cir. 1991).

Section 2254 of Title 28 U.S.C. requires a district court to make two inquiries before considering a petition for habeas corpus on its merits:

> whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the

> answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir. 1992) (quoting Henderson v. Thieret, 859 F.2d 492, 496 [7th Cir. 1988]). A petitioner must fully and fairly present his claims to the state courts as a precondition to exhaustion. Verdin, 972 F.2d at 1472. A petitioner presents his claims fully by pursuing all available avenues of relief provided by the state courts before turning to the federal courts. Kurzawa v. Jordan, 146 F.3d 435, 440 (7th Cir. 1998). Fair presentment requires the petitioner to have given the state courts a meaningful opportunity to pass upon the substance of the claims he later pursues in federal court. Howard v. O'Sullivan, 185 F.3d 721, 725 (7th Cir. 1999).

"[F]or a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted to that court." Verdin, 972 F.2d at 1474 (citing Picard v. Connor, 404 U.S. 270, 277 [1971]). "'A habeas petitioner must provide the state courts with a fair opportunity to apply constitutional principles and correct any constitutional error committed by the trial court,'" but he "need not cite 'book and verse of the federal constitution' to present a constitutional claim." Id. (quoting United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453 [7th Cir. 1984]; Picard, 404 U.S. at 278).

The issue of "fair presentment" is also a useful approach for analyzing procedural default. Verdin, 972 F.2d at 1473 (citing United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453 n.4 [7th Cir. 1984]["The analysis dealing with whether a state court has been fairly apprised of potential constitutional ramifications of a claimed trial court error is equally applicable to waiver cases."]). A petitioner must have presented his claims "at the time and in the way required by state law." Franklin v. Gilmore, 188 F.3d 877, 881 (7th Cir. 1999).

"If the state court declined to reach the merits of the petitioner's claim because of a procedural default, that default must constitute an independent and adequate state-law ground in order to be a bar to federal habeas relief." Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000). Whether the ground is independent depends on state law and whether it is adequate depends on federal law. Liegakos v. Cooke, 106 F.3d 1381, 1385 (7th Cir. 1997).

A procedural default constitutes an independent state law ground if "the last state court to consider the question actually relied on procedural default as the basis for its decision." Braun, 227 F.3d at 912 (citing Willis v. Aiken, 8 F.3d 556, 561 [7th Cir. 1993]). The state court must have "'clearly and expressly' relied on the procedural default as the basis of its ruling." Braun, 227 F.3d at 912 (quoting Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038 [1989]). "A state court may reach the merits of a federal claim in an alternative holding; if it does so explicitly, then the independent and adequate state ground doctrine 'curtails reconsideration of the federal issue on federal habeas.'" Moore v. Bryant, 295 F.3d 771, 775 (7th Cir. 2002) (quoting Harris, 489 U.S. at 264 n.10).

"To be an adequate ground of decision, the state's procedural rule must be both firmly established and regularly followed." Braun, 227 F.3d at 912 (quotations omitted). It must be applied in a "consistent and principled way; it cannot be employed infrequently, unexpectedly, or freakishly." Id. (quotations omitted). Moreover, "[t]he state rule of practice must have been in place, and enforced, 'by the time as of which it is to be applied.'" Liegakos, 106 F.3d at 1385 (quoting Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850 [1991]).

In this case, the Wisconsin Court of Appeals affirmed the petitioner's judgment of conviction on November 4, 2003. Thus, pursuant to Wis. Stat. § 809.62(1), the petitioner had

until December 4, 2003, to file a petition for review with the Wisconsin Supreme Court. On November 26, 2003, the petitioner filed a motion for an extension of time to file his petition for review. The Wisconsin Supreme Court denied the petitioner's motion for an extension, but accepted the motion as a timely petition for review. The court allowed the petitioner additional time to file a statement in support of his petition. The petitioner failed to file such a statement. As a result, the court dismissed the petitioner's petition for review.

Thus, the last state court to consider the question, the Wisconsin Supreme Court, relied on procedural default as the basis for its decision. The court stated that the petitioner was informed by an order from the court

> that unless a statement in support of the petition conforming with the requirements of Wis. Stat. §§ 809.62(2) and (4) was filed by January 5, 2004, the petition for review would be summarily dismissed. No statement in support of the petition has been filed. IT IS ORDERED the petition for review is summarily dismissed.

(Answer, Exh. G). Accordingly, the procedural default constituted an independent state law ground. See Braun, 227 F.3d at 912.

The Wisconsin Supreme Court denied the petitioner's motion to extend the time of 30 days to file a petition of review. (Answer, Exh. F.) The Wisconsin Supreme Court has consistently held that if a petition for review is not received within 30 days after the court of appeal's decision, the supreme court loses subject matter jurisdiction. According to the court, "the mandatory language of sec[tion] 808.10 [of the Wisconsin Statute, requiring a petition to be filed withing 30 days,] constitutes a limitation upon the jurisdiction of this court to entertain a petition to appeal." First Wisconsin Nat. Bank of Madison v. Nicholaou, 87 Wis. 2d 360, 362, 274 N.W.2d 704, 705 (1979).

Although the Wisconsin Supreme Court denied the petitioner's motion to extend time to file his petition of review, the court construed the petitioner's motion as "a timely petition of review." However, the court indicated that the petitioner still had to file "a statement in support of the petition, conforming to the requirements of Wis. Stat. §§ 809.62(2) and (4) . . . by January 5, 2004"; otherwise, the petition would be summarily dismissed. (Answer, Exh. F). While there are no cases on point discussing Wis. Stat. §§ 809.62(2) and (4), most likely because, as the respondent points out, they are in unpublished summary orders, a court can not review the merits of a petition and grant review without a statement in support of the petition. The petitioner was put on notice that his petition would be dismissed if he did not file his statement within 32 days. (Answer, Exh. F at 1). The petitioner did not file his statement and the court dismissed the petition. Thus, the procedural default in this case – the failure of the petitioner to file a statement in support of his petition – constitutes an adequate state law ground. See Braun, 227 F.3d at 912; see also Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999) (A petitioner procedurally defaults on any claims he fails to present in a petition for discretionary review to the state supreme court.). Accordingly, the petitioner procedurally defaulted all of his claims.

The petitioner's procedurally defaulted claims may be reviewed, however, "if the petitioner can show cause and prejudice for [his] failure to exhaust [his] claims, or if a failure to review them on these procedural grounds would result in a fundamental miscarriage of justice." Howard v. O'Sullivan, 185 F.3d at 726. The Supreme Court has held that to overcome a procedural default, cause must be based on "'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule,' such as 'showing

. . . that some interference by officials made compliance impracticable.'" Moore v. Casperson, 345 F.3d 474, 486 (7th Cir. 2003) (quoting Murray v. Carrier, 477 U.S. 478, 488 [1986]). Furthermore, prejudice is established if the errors "worked to [the petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). [3]

The petitioner makes the argument that his procedurally defaulted claims can be reviewed by this court even if he does not show cause and prejudice or a miscarriage of justice because this court has jurisdiction based on diversity. (Motion to Show Cause for Review at 5.) However, the issue is not whether this court has jurisdiction, but whether the petitioner is barred from habeas relief because of a procedural default.

The petitioner asserts that he can show cause for several reasons: 1) on July 17, 2004, he was transferred from the Wisconsin Resource Center (WRC), a Department of Health and Family Services medium security facility; 2) Columbia Correctional Institute (CCI) staff interfered with his personal and legal mail; 3) he was harassed because he had just come from WRC; and 4) staff and inmates were trying to trick him into committing a violent act. (Petitioner's Response at 2-3).

With regard to the petitioner's claim that he was transferred on July 17, 2004, the record only indicates that on April 9, 2003, Waupun Correctional Institution (WCI) made a request for the petitioner to be transferred to WRC. (Petitioner's Motion to Show Cause for Review

[3] The petitioner specifically asks the court to review the Motion to Show Cause for Review in addition to his Motion in Response to Motion to Dismiss when evaluating whether he showed cause, prejudice, or a miscarriage of justice. (Petitioner's Motion in Response to Motion to Dismiss at 4.) In deciding these issues, this court reviewed the record, including all documents and motions submitted by both the petitioner and the respondent.

[Petitioner's Motion to Show Cause], Exh. 4-B). Sometime between July 9, 2003, and September 17, 2003, the petitioner was transferred from WRC to CCI. It appears that the transfer the petitioner is referring to took place during or near July 17, 2003, and not 2004. Id. at Exh. 5-A, 6-B. The petitioner's statement in support of his petition for review was due January 5, 2004. The petitioner fails to show how a transfer in general or specifically how a transfer five months before his statement was due affected his ability to file a statement in support of his petition.

Addressing the petitioner's claim that CCI staff interfered with his mail, the record indicates that in February, 2004, the petitioner filed complaints with both CCI and the United States Postal Service alleging mail interference. (Petitioner's Motion to Show Cause, Exh. 14-A - 14-J). In these complaints, the petitioner maintains that for a few weeks prior to February 6, 2004, he did not receive mail from his daughters, mother, friends or a letter from Chicago. He also indicates that he thought someone used his social security number to obtain a credit card. Id. at Ex. 14-C, 14-D, 14-J. Although the petitioner refers this court to the complaints he filed, the complaints that the petitioner made state that the only mail he receives is state mail. Id. at Ex. 14-E. The petitioner fails to show how not receiving mail from friends and family in January 2004 was sufficient cause for his procedural default, especially considering that the petitioner continued to receive state mail.

In addition, the petitioner claims that he was harassed and that staff and inmates were trying to trick him. He states that "these acts discouraged [him] from p[ress]ing [his] issues with the court." (Petitioner's Response Brief at 3). However, to show cause, the petitioner must show that "'some objective factor external to [his] defense impeded [his] efforts to comply with

the State's procedural rule,'" and "'that some interference by officials made compliance impracticable,'" not merely that the acts discouraged him. Moore, 345 F.3d at 486 (quoting Murray v. Carrier, 477 U.S. 478, 488 [1986]).

To support the finding of cause, the petitioner cites to Mayberry v. Petsock, 821 F.2d 179 (3rd Cir. 1987). In Mayberry, the court held, in response to an alleged obstruction by state officials, that "the allegations of exhaustion must be at least as specific with respect to the facts allegedly excusing exhaustion as is required for allegations alleging constitutional deprivation as the basis for the habeas petition." Id. at 187. In response to a motion to dismiss his habeas corpus petition based on a failure to exhaust claims, petitioner Mayberry pointed to "'the action of the prison authorities . . . in confiscating my legal papers and law books, holding me incommunicado, denying my access to the courts, transferring me from one solitary confinement cell to another in prisons all over Pennsylvania, and sealing my records and files.'" Id. at 185. The court found that "neither Mayberry's allegations of state obstruction nor the material in the appendix makes a sufficient showing on the exhaustion issue to warrant a court to direct the state to respond to Mayberry's request for discovery or to embark on an evidentiary hearing." Id. at 187. Therefore, the court concluded that "Mayberry's allegations of obstruction do not rise to the necessary level." Id. at 187. Accordingly, Mayberry does not support the petitioner's assertion that he can establish cause. Rather, Mayberry supports the argument that the petitioner failed to establish cause.

In light of the foregoing, the court concludes that the petitioner has failed to show cause for his procedural default. Thus, it is not necessary for this court to determine whether the

petitioner was prejudiced. See Wilson v. Briley, 243 F.3d 325, 329 (7th Cir. 2001) (A petitioner must show both cause and prejudice).

Although the petitioner failed to establish cause and prejudice, he can overcome the procedural default if he can show that the failure to review his claims would result in a fundamental miscarriage of justice. A "fundamental miscarriage of justice" is shown where "'a constitutional violation has probably resulted in the conviction of one who is actually innocent . . ..'" Rodriguez, 193 F.3d at 917 (quoting Murray, 477 U.S. at 495-96). "This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." Rodriguez, 193 F.3d at 917.

The petitioner alleges that he is innocent, but he has not attempted to show, and there is nothing in the record to show, that he was wrongly convicted. See Howard, 185 F.3d at 726. Although the petitioner asserts that a "miscarriage of justice" will occur if the merits of his petition are not reached, he has not "made an attempt to show actual innocence, as opposed to legal innocence, as required to support the finding of a fundamental miscarriage of justice." Spreitzer v. Schomig, 219 F.3d 639, 648-49 (7th Cir. 2000). Thus, the petitioner has failed "to show that it is more likely than not that no reasonable juror would have convicted him." Rodriguez, 193 F.3d at 917. Accordingly, the petitioner has failed to establish a fundamental miscarriage of justice. Therefore, this court is barred from reviewing the petitioner's procedurally defaulted claims. See Spreitzer, 219 F.3d at 648.

For the reasons stated herein, the petitioner's petition for a writ of habeas corpus is subject to dismissal. Therefore, the respondent's motion to dismiss the petition for a writ of habeas corpus will be granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket #37) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 15th day of February, 2006.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge